## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JESSE R. PEREZ, #R44289,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00042-MJR** |
| | ) | |
| **SERGEANT EVOLDI,** | ) | |
| **SERGEANT EALEY, C/O SWISHER,** | ) | |
| **C/O KEMPLER, JOHN VASQUEZ,** | ) | |
| **M. SCOTT, NURSE LANG,** | ) | |
| **DOCTOR SHEARLING, PHONIX,** | ) | |
| **COUNSELOR NIPPE,** | ) | |
| **and UNKNOWN PARTIES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Jesse Perez, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was assaulted twice at Menard on March 16, 2013. Menard's medical staff refused to treat his injuries, after learning that they resulted from a staff assault. Plaintiff was also issued a disciplinary ticket, without notice, and placed in segregation for three months, following an unfair disciplinary hearing. Plaintiff now sues ten known[1] and various unknown[2] Menard officials for violating his rights under the First, Eighth, and Fourteenth Amendments. He also asserts tort claims against Defendants under Illinois law. Plaintiff seeks monetary damages (Doc. 1, pp. 8-9).

---

[1] In the complaint, Plaintiff identified the following known Defendants: Evoldi (sergeant), Ealey (sergeant), Swisher (correctional officer), Kempler (correctional officer), Vasquez (correctional officer), Scott (lieutenant), Lang (nurse), Shearling (doctor), Phonix (correctional counselor), and Nippe (correctional counselor).

[2] In the complaint, Plaintiff also identified several unknown Defendants, including John Doe ##1-4 (correctional officers), John Doe #5 (doctor), and Jane Does (nurses).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The complaint survives preliminary review under this standard.

**The Complaint**

Plaintiff is a long-term general population inmate at Menard.  Without warning on March 16, 2013, Plaintiff was informed that he would be going to segregation (Doc. 1, p. 3). Soon thereafter, Sergeant Evoldi, Sergeant Ealey, C/O Swisher, and C/O John Doe ##1-4 entered Plaintiff's cell, handcuffed him behind his back, and escorted him out of his cell (Doc. 1, p. 3). Instead of segregation, however, Plaintiff was taken to a shower.  While John Doe ##1-2 forced Plaintiff to face the wall, the others slapped, punched, and elbowed him repeatedly in his head and back.  They also hit him in the thighs and groin, while calling him names.  Afterward, they refused his requests for medical attention.

The same individuals then escorted Plaintiff to a caged visitation area (Doc. 1, p. 4).  Once there, they assaulted him a second time, by punching Plaintiff in his hip, side, and back while he was still handcuffed.  Plaintiff was warned that he would face a more severe beating if he told anyone what happened.  He was then stripped of his clothing and given a segregation jumpsuit to wear.  Plaintiff's requests for medical care were, once again, denied.

On March 18, 2013, Plaintiff filed a grievance by placing it in the institutional mail.  He complained about the assault and the denial of medical care.  The following day, he was called to appear before Menard's adjustment committee.  On the way there, Plaintiff asked C/O Kempler for medical care, but C/O Kempler ignored his request.

At the adjustment committee hearing on March 19, 2013, Plaintiff informed Lieutenant Scott and C/O Vasquez, two members of the adjustment committee, that he was still in need of medical care for injuries that he sustained in the staff assault six days earlier. Instead of medical care, however, Plaintiff was given a hearing on disciplinary charges, without receiving prior notice of those charges, an opportunity to prepare his defense, or an opportunity

to call witnesses.  He was found guilty of the charges and punished with three months in segregation, demotion to C-grade status, and commissary restriction (Doc. 1, p. 5). Warden Harrington[3] affirmed the decision.

Plaintiff sought medical treatment for the injuries he sustained in the assault. Plaintiff wrote to and spoke with Counselors Nippe and Phonix about the assaults and his need for medical care on March 20, 2013.  They "did nothing" (Doc. 1, p. 5).  He met with Nurse Lang on March 20, 2013, and with Doctor Shearling on March 23, 2013 (Doc. 1, p. 5). However, they both refused to treat his injuries, after learning how he received them.

Plaintiff now sues Defendants Evoldi, Ealey, Swisher, Kempler, Vasquez, Scott, Lang, Shearling, Phonix, Nippe, John Doe ##1-4 (correctional officers), John Doe #5 (doctor), and Jane Does (nurses) for conspiring to violate his rights under the First, Eighth, and Fourteenth Amendments.  He also asserts Illinois tort claims against Defendants for assault, battery, and medical negligence.  Plaintiff seeks monetary damages.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint into nine separate counts, as set forth below.

**Count 1:** **Eighth Amendment excessive force claim against Defendants arising from Plaintiff's two assaults on March 16, 2013;**

**Count 2:** **Eighth Amendment failure to protect claim against Defendants;**

**Count 3:** **Eighth Amendment deliberate indifference to medical needs claim against Defendants for failing to treat Plaintiff's chronic**

---

[3] Warden Harrington has not been named as a defendant in this action.

4

> pain and his leg, rib, and back injuries, all of which resulted
> from the assaults;

Count 4:      **Fourteenth Amendment due process claim against Defendants
arising from Plaintiff's unfair disciplinary hearing;**

Count 5:      **Fourteenth Amendment due process claim against Defendants
for mishandling Plaintiff's grievances;**

Count 6:      **First Amendment retaliation claim against Defendants;**

Count 7:      **Civil conspiracy claim against Defendants for conspiring to
deprive him of his constitutional rights;**

Count 8:      **Illinois assault and battery claim against Defendants arising
from the two assaults of Plaintiff on March 16, 2013; and**

Count 9:      **Illinois medical negligence claim against Defendants for
refusing to treat the injuries that Plaintiff sustained during the
assaults on March 16, 2013.**

The parties and the Court will use these designations in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court. The designation of these claims does not

constitute an opinion as to their merit.

**Count 1 – Excessive Force**

After carefully considering the allegations in the complaint, the Court finds that it

states a colorable Eighth Amendment excessive force claim (**Count 1**) against

Defendants Evoldi, Ealey, Swisher, and C/O John Doe ##1-4, all of whom allegedly participated

in two assaults of Plaintiff on March 16, 2013. The intentional use of excessive force by prison

guards against an inmate without penological justification constitutes cruel and unusual

punishment in violation of the Eighth Amendment and is actionable under Section 1983.

*See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

To state an excessive force claim, an inmate must show that an assault occurred, and that "it was

carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The allegations in the complaint suggest that these Defendants violated the Eighth Amendment by assaulting Plaintiff twice without provocation and without penological justification.

However, the complaint states no excessive force claim against anyone else, including Defendants Kempler, Vasquez, Scott, Lang, Shearling, Phonix, Nippe, Jane Does (nurses), or John Doe (doctor). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The complaint does not allege that any other Defendants assaulted Plaintiff in March 2013.

Accordingly, **Count 1** shall proceed against Defendants Evoldi, Ealey, Swisher, and C/O John Doe ##1-4, all of whom participated in Plaintiff's two assaults, but shall be dismissed with prejudice against Defendants Kempler, Vasquez, Scott, Lang, Shearling, Phonix, Nippe, Jane Does (nurses), and John Doe (doctor), none of whom were involved in the assaults.

**Count 2 – Failure to Protect**

No Eighth Amendment claim is stated in the complaint against any Defendants for failing to protect Plaintiff from a known risk of assault (**Count 2**). A plaintiff asserting a failure to protect claim must show that he was incarcerated under conditions posing a substantial risk of serious harm, and Defendants acted with "deliberate indifference" to that danger. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison

officials about a *specific* threat to his safety before the assault actually occurred.  *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action.  *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001).  The complaint does not suggest that anyone, other than the perpetrators of the assaults, knew that Plaintiff faced any risk of assault.  By all indications, Plaintiff was taken by surprise, and all non-participant Defendants found out about the assaults after the fact.  Absent this showing, the complaint states no failure to protect claim against Defendants, and **Count 2** shall be dismissed without prejudice.

**Count 3 – Deliberate Indifference to Medical Needs**

The complaint states a viable Eighth Amendment medical needs claim (**Count 3**) against Defendants Evoldi, Ealey, Swisher, C/O John Doe ##1-4, Lang, and Shearling, but no one else.  Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).  To state a claim, "[t]he plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard."  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the

inference.'"   *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834).   Plaintiff is not required to establish that the officials "intended or desired the harm that transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it."  *Greeno*, 414 F.3d at 653.

The complaint suggests that those Defendants (Evoldi, Ealey, Swisher, C/O John Doe ##1-4) who assaulted Plaintiff and then denied his requests for medical care were deliberately indifferent to his medical needs.  Likewise, the allegations suggest that Nurse Lang and Doctor Shearling displayed deliberate indifference toward Plaintiff's medical needs, when they refused to treat any injuries that were related to the assaults.  Count 3 shall proceed against these defendants.

However, Defendants Jane Does (nurses) and John Doe (doctor) are not even mentioned in the statement of claim.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Accordingly, Defendants Jane Does (nurses) and John Doe (doctor) shall be dismissed from this action without prejudice.

As for Defendants Kempler, Vasquez, and Scott, the complaint alleges that Plaintiff advised each Defendant, in the context of his disciplinary proceeding on March 19, 2013, that he was still waiting to receive treatment of his assault-related injuries. As for Defendants Nippe and Phonix, the complaint reveals that Plaintiff complained of a lack of medical care on March 20, 2013.  Standing alone, these allegations do not suggest that these Defendants were deliberately indifferent to Plaintiff's medical needs.

 For one thing, the complaint does not allege that Plaintiff told these individuals about specific injuries or that they were serious.  Even if he had done so, however, none of these individuals are medical professionals, who could have provided him with medical treatment. Plaintiff, like many other inmates, seems to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems.  That theory is in direct conflict with the well-established rule that a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands," if the prisoner is under the care of prison medical professionals.   *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  Here, the complaint indicates that Plaintiff was in line to receive medical care from prison medical staff.

Soon after he spoke with Defendants Kempler, Vasquez, Scott, Nippe, and Phonix on March 19-20, 2013, Plaintiff met with Nurse Lang on March 20, 2013 (Doc. 1, pp. 4-5). He then met with Doctor Shearling on March 23, 2013.  In other words, Plaintiff received medical care soon after he told these individuals that he needed it.  The complaint does not indicate that Plaintiff subsequently advised them that treatment was denied or that he still needed additional care.  Given these allegations, no deliberate indifference to medical needs claim has been stated against Defendants Kempler, Vasquez, Scott, Nippe, or Phonix.

For the reasons discussed herein, Plaintiff shall be allowed to proceed with **Count 3** against Defendants Evoldi, Ealey, Swisher, C/O John Doe ##1-4, Lang, and Shearling. However, Count 3 shall be dismissed without prejudice against Defendants Jane Does (nurses), John Doe (doctor), Kempler, Vasquez, Scott, Phonix, and Nippe.

**Count 4 – Due Process Claim: Disciplinary Hearing**

The complaint fails to state a Fourteenth Amendment due process claim (**Count 4**), in connection with Plaintiff's disciplinary hearing and punishment. According to the complaint, Plaintiff was denied procedural protections at his disciplinary hearing (e.g., advance written notice, the opportunity to call witnesses, etc.) on March 19, 2013, before being found guilty of a rule violation and punished with three months of segregation, demotion to C-grade status, and commissary restriction (Doc. 1, pp. 4-5).

An "inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Under certain circumstances, an inmate punished with segregation can pursue a claim for deprivation of a liberty interest without due process of law. *See Marion*, 559 F.3d at 697-98. Those circumstances are not present in this case.

This is so, despite the fact that Plaintiff was allegedly issued a disciplinary ticket without notice, an opportunity to prepare a defense, or an opportunity to call witnesses. An inmate facing disciplinary charges is entitled to: (1) receive advance written notice of the charges against him; (2) appear in person before an impartial hearing body to contest the charges; (3) call witnesses and present documentary evidence in his defense (subject to the discretion of correctional officials); and (4) receive a written statement of the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Cain v. Lane*,

857 F.2d 1139, 1145 (7th Cir. 1988).  Although the allegations in the complaint suggest that the disciplinary hearing violated the requirements for due process set forth in *Wolff*, this is not enough.

Whether a protected liberty interest is implicated by Plaintiff's confinement depends on whether that confinement "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Courts must consider two factors in determining whether disciplinary segregation imposes atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured."  *Id.* at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)).

The Seventh Circuit has held that "relatively short terms of segregation rarely give rise to a prisoner's liberty interest" in the absence of exceptionally harsh conditions.  *Id.* at 743.  For these relatively short periods, inquiry into the specific conditions of confinement is unnecessary.  *See, e.g., Holly v. Woolfolk,* 415 F.3d 678, 679 (7th Cir. 2005) (2 days); *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (59 days); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (60 days) *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1998) (holding that no liberty interest was implicated when considering prisoner's twelve-year sentence) (70 days).

A liberty interest may arise from longer terms of confinement, triggering the need for further factual inquiry into the conditions of a prisoner's confinement.  *See, e.g., Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (analyzing conditions of confinement but noting that prisoner's segregation "was still not so long as to work an atypical and significant hardship") (90 days); *Marion*, 559 F.3d at 698 (holding that the issue of whether 240 days in

11

disciplinary segregation would implicate protected liberty interest could not be decided at pleading stage). In cases involving longer periods of confinement in segregation, the Seventh Circuit has instructed district courts to consider the *actual* conditions of confinement, in order to determine whether a liberty interest is implicated. This entails a fact-based inquiry into all of the circumstances of the prisoner's confinement. *Marion*, 559 F.3d at 699.

Plaintiff's confinement in segregation lasted ninety days. This is on the short end of the spectrum.[4] Even if the length of confinement triggered the need to analyze the specific conditions Plaintiff faced there, Count 4 would still fail. This is because the complaint is utterly devoid of any allegations suggesting that Plaintiff was subjected to unconstitutional conditions. The allegations certainly do not suggest that disciplinary segregation worked an "atypical and significant hardship" on Plaintiff. Accordingly, **Count 4** shall be dismissed without prejudice against all Defendants.

**Count 5 – Due Process: Ignoring Grievance**

The complaint also fails to state a claim against Defendants for ignoring, delaying, or denying Plaintiff's grievances related to the assault and his request for medical care (**Count 5**). Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Under controlling law, these

---

[4] This term of punishment seems particularly short when compared to the overall length of Plaintiff's incarceration. He is currently serving consecutive sentences of 49 years and 38 years for two predatory criminal sexual assault convictions.

allegations offer no basis for relief under the Due Process Clause of the Fourteenth Amendment. Accordingly, **Count 5** shall be dismissed with prejudice.

**Count 6 – First Amendment/Retaliation**

In the complaint, Plaintiff generally, and somewhat vaguely, alleges that Defendants interfered with his freedom of expression (Doc. 1, pp. 7-8). The allegations offered in support of this claim consist of little more than conclusory legal statements: "The First Amendment protects prisoners right to inter alia, the Freedom of Expression (sic)" (Doc. 1, p. 8). Plaintiff does little to explain this claim, or offer factual allegations in support of it.

The Court is obligated to construe a *pro se* litigant's pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In keeping with this obligation, the Court construes the First Amendment claim as a retaliation claim against Defendants. In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.*

When reviewing the complaint for allegations that support a retaliation claim, the Court cannot rule out a claim against Defendants Evoldi, Ealey, Swisher, and C/O John Doe ##1-4 for assaulting Plaintiff twice while also telling him not to report the assault and threatening a more serious beating if he tells. The Court also cannot rule out claims against Defendants Lang and Shearling for refusing to provide Plaintiff with medical care, after Plaintiff reported the

13

assault to them.  However, no other allegations suggest that the remaining defendants retaliated against Plaintiff, in order to prevent him from exercising his First Amendment rights.[5] Accordingly, **Count 6**, a retaliation claim, shall proceed against Defendants Evoldi, Ealey, Swisher, C/O John Doe ##1-4, Lang, and Shearling at this early stage.  The claim shall be dismissed without prejudice against all other defendants.

## Count 7 – Civil Conspiracy

The complaint alleges that Defendants conspired together to violate Plaintiff's rights under the First, Eighth, and Fourteenth Amendments (Doc. 1, p. 1).  Civil conspiracy claims are cognizable under Section 1983.  *See Beaman v. Freesmeyer*, --- F.3d ---, 2015 WL 156744, at *9 (7 Cir. 2015); *Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002).  "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date."  *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002).  At this early stage, Plaintiff shall be allowed to proceed with **Count 7** against Defendants Evoldi, Ealey, Swisher, and C/O John Doe ##1-4, all of whom participated together in two assaults of Plaintiff on March 16, 2013; he shall also be allowed to proceed with this claim against Defendants Lang and Shearling, both of whom refused to treat Plaintiff's resulting injuries in a concerted effort to cover up the assaults.  However, Count 7 shall be dismissed without prejudice against all remaining Defendants.

## Counts 8 & 9 – State Tort Claims

In the complaint, Plaintiff raises two Illinois tort claims, namely: (1) an assault and battery claim (**Count 8**) against Defendants arising from the assault on March 16, 2013; and

---

[5] Among other claims, the Court has considered, and ruled out, the possibility that Plaintiff's disciplinary ticket was issued in retaliation for Plaintiff filing a grievance to address the assault.  The allegations do not draw any connection between the two events, or tie any retaliatory ticket to a particular defendant. Further, Plaintiff does not challenge the charges in the ticket as being false.

(2) a negligence claim against Defendants (**Count 9**) for refusing to treat the resulting injuries. Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). The Court has original jurisdiction over this Section 1983 action. Because the tort claims and federal claims arise from the same facts, the district court also has supplemental jurisdiction over Plaintiff's related state law claims. Each state tort claim is discussed below.

A.      **Count 8 – Assault/Battery**

The allegations in the complaint satisfy the legal standard for an Illinois battery claim (**Count 8**) against Defendants Evoldi, Ealey, Swisher, and C/O John Doe ##1-4. Under Illinois state law, "[a] battery occurs when one 'intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). The complaint addresses each element of this claim. Therefore, the Court will allow Plaintiff to proceed with **Count 8** against Defendants Evoldi, Ealey, Swisher, and C/O John Doe ##1-4. Count 8 shall be dismissed with prejudice against all remaining Defendants because no allegations suggest that they participated in an assault and battery of Plaintiff.

**B.**    **Count 9 – Medical Negligence**

Plaintiff also alleges that Defendants were negligent in their treatment of his assault-related injuries (**Count 9**).  Specifically, Defendants Lang and Shearling refused to treat any injuries that resulted from the assaults (Doc. 1, p. 5).

A defendant can never be held liable under Section 1983 for negligence, or even gross negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).  As the Seventh Circuit has made clear, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim."  *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).  *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

However, the Court has jurisdiction to consider whether a negligence claim has been stated under Illinois state law pursuant to 28 U.S.C. § 1367.  Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of

16

receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[6]  A separate affidavit and report shall be filed as to each defendant, which in this case would be Defendants Lang and Shearling.  *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim.  *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614.  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend [the] complaint to comply with section 2-622 before [the] action is dismissed with prejudice.'"  *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit/certificate and report as it pertains to Defendants Lang and Shearling.  Therefore, the claim in **Count 9** shall be dismissed.  However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days (**on or before March 20, 2015**) to file the required affidavit should he wish to revive this claim.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1, 3, 6, 7, and 8 against C/O John Doe ##1-4.  However, these individuals must be identified with particularity

---

[6] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010.  *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety).  After *Lebron*, the previous version of the statute continued in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).  The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section.  *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

before service of the complaint can be made on them.  Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim against the unknown defendants, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  In this case, guidelines for discovery aimed at identifying C/O John Doe ##1-4 will be set by the United States Magistrate Judge, so that Plaintiff can identify these parties with particularity. Defendants Evoldi, Ealey, and Swisher, who allegedly participated in the assaults alongside these unknown individuals, shall promptly respond to discovery aimed at identifying C/O John Doe ##1-4.  Once identified, Plaintiff shall file a motion to substitute each unknown correctional officer referred to in the complaint with the name of that particular individual.

## **Pending Motion**

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Stephen C. Williams** for a decision.

## **Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 2, 4,** and **9** are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.  **COUNT 5** is **DISMISSED** with prejudice for the same reason.

**IT IS FURTHER ORDERED** that Defendants **KEMPLER, VASQUEZ, SCOTT, PHONIX, NIPPE, JANE DOE (nurses),** and **JOHN DOE (doctor)** are **DISMISSED** without prejudice from this action, based on the complaint's failure to state any claim against them.  The **CLERK** is **DIRECTED** to terminate Defendants **KEMPLER, VASQUEZ, SCOTT, PHONIX, NIPPE, JANE DOE (nurses),** and **JOHN DOE (doctor)** as defendants in

this action.

      **IT IS ALSO ORDERED** that as to the medical negligence (i.e., medical malpractice) claim in **COUNT 9** against Defendants **LANG** and **SHEARLING**, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 35 days of this order **(on or before March 20, 2015)**, should Plaintiff wish to revive **COUNT 9**; in addition, Plaintiff shall timely file the required written report of a qualified health professional, in compliance with § 5/2-622 by this same deadline.

      **IT IS FURTHER ORDERED** that with regard to **COUNTS 1, 3, 6, 7,** and **8**, the Clerk of Court shall prepare for Defendant **EVOLDI, EALEY, SWISHER, LANG,** and **SHEARLING**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      Service shall not be made on Defendants C/O John Doe ##1-4 until such time as Plaintiff files a motion for substitution to identify these individuals with specificity in the case caption and throughout the complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

      **IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service.   Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.   Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.   Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3) and expedited discovery aimed at identifying Defendants C/O John Doe ##1-4.

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay

the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 13, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**