IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE R. PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SERGEANT EVOLDI, | )   No.   15-cv-0042-MJR-SCW |
| SERGEANT EALEY, | ) |
| C/O SWISHER, | ) |
| NURSE LANG, | ) |
| DOCTOR SHEARING, and | ) |
| JOHN DOE C/O's #1 – #4, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Jesse Perez, an inmate at Stateville Correctional Center, brought this 42 U.S.C. § 1983 case against Defendants for excessive force and deliberate indifference to medical needs (Doc. 1). Currently pending before the Court is Plaintiff's Motion for a Temporary Restraining Order/Injunction Relief (Doc. 44). The undersigned denied the motion insofar as Plaintiff requested a TRO (Doc. 46), and now Defendants have filed responses to Plaintiff's motion. Based on the following, the Court **DENIES** Plaintiff's motion for injunctive relief.

### BACKGROUND

Plaintiff filed a complaint January 15, 2015 alleging that he was assaulted twice while housed at Menard Correctional Center. As narrowed by the Court's threshold order, Plaintiff alleges that, on March 16, 2013, he was informed that he was going to segregation and several officers came to his cell, handcuffed him behind his back, and escorted him out of his cell (Doc. 6, p. 3). Plaintiff was then taken to the showers and was forced to face the wall where he was slapped, punched, and elbowed

repeatedly in the head (*Id.*). Plaintiff was also hit in the thigh and groin. After the assault, requests for medical attention were refused.

After the assault in the showers, Plaintiff was then escorted to a caged visitation area where he was again assaulted by Defendants. This time, Plaintiff alleges that Defendants punched Plaintiff in his hip, side, and back while he remained handcuffed (Doc. 6, p. 3). He was then stripped of his clothing and provided a segregation jumpsuit (*Id.*). He was again refused medical attention (*Id.*).

On March 20, 2013, Plaintiff met Nurse Lang; he saw Doctor Shearling on March 23, 2013. But Plaintiff alleges that both individuals refused to treat his injuries once they learned how he received his injuries.

On June 1, 2015, Plaintiff filed his pending motion for temporary restraining order/injunction relief (Doc. 44). Plaintiff alleges that on May 5, 2015, he asked to speak to a sergeant or lieutenant about being denied his recreation time and that Defendant Swisher overheard his request and stated "why don't you just file a grievance or a lawsuit" in a sarcastic tone and walked away. Swisher then returned and told Plaintiff he would not get his recreation because he was going to segregation. Plaintiff further alleges he wrote a grievance against a C/O McCarthy and that McCarthy then deadlocked Plaintiff's door to keep him from going to recreation.

Defendants filed responses to Plaintiff's motion (Docs. 45 and 51). Defendants Eovaldi, Lang, Swisher, and Ealey filed a response (Doc. 51) indicating that Plaintiff received a disciplinary ticket from correctional officer Shane Sulser on May 5, 2015 for yelling down from three gallery to one gallery (Doc. 51-1, p. 1). Sulser indicated that he issued the disciplinary ticket and Swisher was not involved in issuing the ticket or in the adjustment committee hearing (*Id.*). (Sulser is not a party to this lawsuit.) Further, the Court notes that Plaintiff notes (both in his motion and certificate of service) that he is currently incarcerated at Stateville Correctional Center, rather than Menard Correctional

Center.  Plaintiff asks to be transferred to another facility, and goes so far as to include Stateville as one of his requested options.

## LEGAL STANDARDS

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To win a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20).  The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, 612 F.3d at 546.

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). *See also Westefer*, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, **130 F.3d 293, 295 (7th Cir. 1997).** Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* **(citing** *Jordan v. Wolke*, **593 F.2d 772, 774 (7th Cir. 1978)).** *See also W.A. Mack, Inc. v. Gen. Motors Corp.*, **260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").**

## ANALYSIS

Plaintiff is not entitled to the relief he requests. First, he has not shown a likelihood of success on the merits. Plaintiff alleges that he is being retaliated against by Defendant Swisher because of Plaintiff filing his current lawsuit. However, the events which make up his current allegations against Swisher happened long after Plaintiff filed his current suit. Plaintiff is alleging new events against Swisher that were not alleged in his complaint, namely, that Swisher is retaliating against him. Thus, his claim that he is being retaliated against for filing his lawsuit is a new claim which he must bring to the Court in a new case (once he has properly exhausted his available administrative remedies, of course). *See George v. Smith*, **507 F.3d 605, 607 (7th Cir. 2007).** Further, there is no evidence Swisher was involved in issuing the disciplinary ticket against Plaintiff. In fact, the *only* evidence on record indicates the ticket was issued by Shane Sulser, who provided an affidavit swearing Swisher did not issue the ticket (Doc. 51-2).

To the extent that Plaintiff is alleging that a C/O McCarthy is retaliating against him, the Court notes that McCarthy is not a party to this suit. If Plaintiff wishes to pursue a claim and injunction against McCarthy, he will have to file a new lawsuit.

Finally, the Court notes that Plaintiff is not currently at Menard Correctional Center. Rather, his motion indicates that he is at Stateville Correctional Center. There is no indication he will be transferred back to Menard. Thus, Plaintiff is not currently in proximity to the individuals that Plaintiff alleges have retaliated against him. A prisoner's request for injunctive relief is rendered moot by his release from prison, *Koger v. Bryan*, **523 F.3d 789, 804 (7th Cir. 2008),** and a request for injunction targeting another facility is moot unless Plaintiff "can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, **83 F.3d 807, 812 (7th Cir. 1996)(citing** *Moore v. Thieret*, **862 F.2d 148, 150 (7th Cir. 1988)).** Allegations of a likely retransfer may not be based on mere speculation. *Id.* To the extent that Plaintiff has been transferred, his request for injunctive relief is moot.[1]

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion for temporary restraining order/injunction relief (Doc. 44).

**IT IS SO ORDERED**.
DATED: August 27, 2015.

                                                                s/ *Michael J. Reagan*
                                                                 MICHAEL J. REAGAN
                                                                 Chief Judge, U.S. District Court

---

[1] The Court notes that while Plaintiff indicates in his motion that he is currently at Stateville Correctional Center, he is listed on the IDOC website as an inmate at Menard Correctional Center. It is not clear from the website whether Plaintiff is being transferred to Stateville permanently or temporarily. In any event, Plaintiff is not entitled to the injunctive relief he requests because he seeks an injunction based on new claims which are not currently before the Court.