IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE R. PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-0042-MJR-SCW |
| | ) |
| SERGEANT EVOLDI, | ) |
| SERGEANT EALEY, | ) |
| C/O SWISHER, | ) |
| NURSE LANG, and | ) |
| DR. SHEARING, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Jesse Perez is currently incarcerated at the Menard Correctional Center in Chester, Illinois. On January 15, 2015, he filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that a number of Menard officials violated his constitutional rights by attacking him on March 16, 2013 and denying him medical care after the assault. The Court screened Perez' complaint pursuant to 28 U.S.C. § 1915A and dismissed some of the claims and some of the defendants from the case, but permitted Perez' excessive force, failure to protect, deliberate indifference, retaliation, and conspiracy claims to proceed against three prison officials and two medical staff. Those remaining defendants have since moved for summary judgment on failure-to-exhaust grounds, claiming that three of the grievances mentioned in Perez' complaint were never filed and that one was never appealed to the Illinois Administrative Review Board. The magistrate judge held a hearing on the exhaustion issue and then filed a

1

report and recommendation, advising the Court to grant the exhaustion-related motions for summary judgment. Perez has filed an objection to the magistrate judge's report, meaning that the report and recommendation is now ripe for review.

Since the passage of the Prisoner Litigation Reform Act, exhaustion of remedies is not optional—no action "shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a).** The exhaustion requirement is "designed to keep prisoner grievances in prisons and out of courts, on the theory that the primary responsibility for prisoner regulation should lie with prison officials rather than with federal judges." *Begolli v. Home Depot U.S.A., Inc.*, **701 F.3d 1158, 1161 (7th Cir. 2012).**

Exhaustion is required in a broad set of circumstances. It is usually triggered in excessive force cases, like the one Perez brings here. *E.g., Pavey v. Conley*, **544 F.3d 739, 740 (7th Cir. 2008);** *Keller v. Rasmussen*, **90 F. App'x 949 (7th Cir. 2004);** *Dixon v. Page*, **291 F.3d 485, 488 (7th Cir. 2002).** It is necessary even when a prisoner only wants money damages and even when the prisoner believes that seeking assistance from officials before suit would be futile. *Abdullah v. Bates*, **562 F. App'x 526, 527-28 (7th Cir. 2014).** And it applies even when a prisoner claims that he didn't know about administrative procedures, so long as he could have become aware of them via diligence. *Hudson v. Corizon Med. Servs.*, **557 F. App'x 573, 574-75 (7th Cir. 2014).** All that said, there are a few scenarios where exhaustion isn't necessary: it isn't required when officials block a prisoner from starting or completing the administrative remedy

2

process, *Wagoner v. Lemmon*, **778 F.3d 586, 590-92 (7th Cir. 2015)**; it isn't needed when there is no administrative process available, *White v. Bukowski*, **800 F.3d 392, 396 (7th Cir. 2015)**; and it isn't required when prison officials could provide no relief whatsoever, *Thornton v. Snyder*, **428 F.3d 690, 696 (7th Cir. 2005)**.

A prisoner isn't entitled to a jury trial on the exhaustion issue, but he usually gets an evidentiary hearing to determine whether the prisoner exhausted his available remedies and, if he didn't, whether the failure to exhaust was the prisoner's fault or if officials caused it and it should be excused. *Wagoner*, **778 F.3d at 590-92;** *Pavey*, **544 F.3d at 742.** The magistrate judge held just such a hearing in this case. Perez' response to the defendants' motions for summary judgment focused on whether he actually filed two March 18, 2013 grievances concerning the assault and whether he appealed to the Review Board another grievance filed on March 29, 2013 that mentioned his medical care related to the attack, so the hearing narrowed on those points. Perez said that he appealed all of those grievances to the Board but the records didn't bear that out, and for that reason (and a few others) the magistrate judge found that Perez' statements about writing his March 18th grievances and appealing his March 29th grievance weren't credible, meaning that Perez hadn't exhausted his remedies for the claims here.

The undersigned has reviewed the transcript of the hearing and Perez' objections to the magistrate judge's report and is of the view that the magistrate judge got it right. As for the March 18th grievances, Perez said that he filed those grievances at the prison and appealed them to the Administrative Review Board, but the Board's records don't show those appeals. The absence of records casts doubt on Perez' testimony, and some

other inconsistencies decisively show that Perez is dissembling about ever writing the March 18th grievances. For one, Perez didn't attach the March 18th grievances to his complaint or his response to Defendants' motions for summary judgment, but he did attach other grievances to both submissions. Perez said he didn't know that he needed to attach the March 18th grievances to his complaint or to his response, but he knew enough to attach some of his grievances to both submissions, and the notion that he didn't know that he needed to attach the grievances that he purportedly submitted that had the most to do with his case defies common sense. Once more, Perez shifted his story as to why he didn't attach the March 18th grievances to his summary judgment response—he first said that he didn't know he could or should attach them, but later said that he tried to attach them to his response but that the law library didn't file them as instructed. Finally, Perez made no effort to file the March 18th grievances prior to the exhaustion hearing, with or without leave of court. All of these inconsistencies led the magistrate judge to conclude that Perez was lying about writing the March 18th grievances, and the undersigned agrees with that view of the evidence and the testimony at the hearing. Based on that credibility finding, the Court rules that Perez did not exhaust his administrative remedies as to the claims of excessive force. *See Cottman v. Richardson*, 600 F. App'x 473, 474-75 (7th Cir. 2015).

As for the March 29th medical grievance, the evidence shows that Perez filed the grievance but didn't appeal it. The late-March grievance was submitted to Perez' counselor on May 17, 2013 and returned to him that same day; it was then received by the grievance office on June 11th, denied by the grievance officer on July 29th, and then

4

denied by the prison's chief administrative officer on August 7th. Perez said that he submitted the grievance to the Administrative Review Board on August 27th, but the Board has no record of the appeal. That point alone casts doubt on whether Perez ever appealed, and his dissembling about the March 18th grievances doesn't help his credibility. The nail in the coffin is the fact that the appeal date on the form (Doc. 67 at 12) has been altered—it looks as if Perez marked over the date on the form with white out and rewrote the August 27th submission date. Perez blames the mark-out on a smudge or a tear, but that's ridiculous; if a smudge or rip was to blame the word "date" would still be legible, rather than completely obfuscated, and the mark-out wouldn't be so perfect. Given the alteration and the Board's records, the Court finds that Perez didn't appeal the late-March grievance, and thus didn't exhaust his medical claim. *See Powers v. Chandler*, 561 F. App'x 533, 534 (7th Cir. 2014).

Perez makes a number of objections to the magistrate judge's report and recommendation, many of which are difficult to follow. He first claims that he didn't have to exhaust his remedies or appeal his March 18th grievances if the prison never responded to those grievances in the first instance. That's true enough but beside the point—the Court is not viewing the lack of a Board appeal of the March 18th grievances as a failure by Perez to exhaust the entire process rather than just a part of it, but instead as one piece of proof among many others that Perez never drafted his March 18th grievances at all. *See Moore v. Feinerman*, 515 F. App'x 596, 598-99 (7th Cir. 2013). Perez said that he appealed his March 18th grievances to the Board, and the absence of

records on that point and his other inconsistencies constitute clear and convincing proof that he's lying and that those March 18th grievances never existed.

Perez also attaches two hand-written, unstamped grievances dated March 18, 2013 to his objections, claiming that these are the missing grievances in question and that he had them all along. Perez offered to provide those to the Court after the magistrate judge's hearing, but the magistrate judge rejected the offer, finding that any unstamped grievances presented after Perez' inconsistencies had been unmasked would be forgeries. The undersigned agrees with that determination and gives no weight to Perez' midnight-hour submissions. Not only is Perez' timing suspect, his explanation for why he still has copies of those grievances is incredulous. Perez says that those grievances were submitted to the law library to be filed with his response to the exhaustion motions for summary judgment, but as the Court already said, that's inconsistent with some of his testimony at the hearing that he didn't file those grievances with his response because he didn't know he could. That inconsistency aside, it's also unlikely that Perez knew to keep copies of the all-important grievances in case they would be "lost" by the law library but at the same time didn't grasp the need to submit them with his complaint, bring them to the exhaustion hearing, or submit them to the Court prior to the hearing when he realized they weren't included by the law library in his summary judgment response. Perez says that he didn't seek leave of Court to supplement before the hearing because the Court had already denied a number of his other unrelated filings, but the Court doesn't buy that explanation. Perez

had no problem filing many other motions despite the Court's rulings against him, so the notion that he just gave up on any effort to supplement is quite dubious.

Perez goes on to attach another unstamped, hand-written grievance to his objections, this one dated March 20, 2013 and related to Nurse Lang. Like the March 18th grievances, the Court doesn't believe that this grievance was submitted to the prison for a number of reasons. Perez' credibility is already in doubt given his testimony about the other grievances; there's no record of the March 20th grievance ever being appealed to the Board despite Perez' claim that he sent it to the Board; and Perez mentioned the March 20th grievance in his complaint but didn't file it with the complaint, instead submitting other grievances that looked more genuine. If those points weren't enough, the defendants mentioned that the March 20th grievance was missing from the record in their exhaustion motions, but Perez made no reference to it and failed to submit it in his response, as a supplement after he filed his response, and at the exhaustion hearing. Its mysterious arrival now suggests that it was never submitted at all. The timing of the filing and the other circumstances mentioned above lead the Court to conclude that the March 20th grievance is a fiction.

At the end of the day, the testimony and the record show that Perez didn't ever file March 18th or March 20th grievances and didn't appeal his March 29th grievance to the Board, so he hasn't satisfied the exhaustion requirement of the Prison Litigation Reform Act. These failures weren't caused by prison obfuscation but were Perez' own fault, so his failure to exhaust his remedies shuts down this suit. **Wagoner, 778 F.3d at 590-92.** The Court **ADOPTS** the magistrate judge's January 28, 2016 report and

recommendation in full (Doc. 90), **OVERRULES** Perez' objections to the report (Doc. 94), and **GRANTS** Defendants' motions for summary judgment (Docs. 53 & 58) on exhaustion grounds. Perez' complaint is **DISMISSED without prejudice** for failure to exhaust. All pending motions are **DENIED** as **MOOT**. The **CLERK** is **DIRECTED** to enter judgment in favor of Defendants and against Plaintiff.

    **IT IS SO ORDERED.**

    DATED: **March 24, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**